IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-1-2H
No. 7:16-CV-137-H

BRUCE WAYNE MILLER,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motions to vacate under 28 U.S.C. § 2255, [DE #155 and DE #157], and motion for extension of time to file supplemental briefing, [DE #176].

## BACKGROUND

On December 2, 2009, petitioner was found guilty by jury verdict of interference with commerce by robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (Count Six); and use of a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Seven). Petitioner was sentenced by this court to a total term of imprisonment of 324 months on March 9, 2010. Petitioner filed a notice of appeal, [DE #130], and the Fourth Circuit affirmed the judgment of this court. [DE #145].

On June 8, 2016, petitioner, through counsel, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #155], arguing that Hobbs Act Robbery, in violation of 18 U.S.C. § 1951,

no longer qualifies as a crime of violence to support his conviction under 18 U.S.C. § 924(c) in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Counsel for petitioner also argued that petitioner is no longer a career offender as his qualifying offenses are no longer crimes of violence in light of Johnson. On June 20, 2016, petitioner, proceeding pro se, filed a second motion to vacate, construed by this court as a supplement to the first, [DE #157], arguing the same claims as the first.

## COURT'S DISCUSSION

The Supreme Court recently invalidated the residual clause of the crime of violence definition under 18 U.S.C. § 924(c)(3)(B). United States v. Davis, 139 S. Ct. 2319, 2323-24 (2019). The precise question remaining before the court is whether Hobbs Act Robbery is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). The Fourth Circuit has recently decided this issue. United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) ("Accordingly, we conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).") (citing United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir. 2018); United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Rivera, 847 F.3d 847, 849 (7th Cir. 2017); In re Fleur, 824 F.3d 1337, 1340-41 (11th Cir. 2016)).

Therefore, in light of Mathis, defendant's first claim is without merit.

Petitioner also argues he was wrongfully sentenced as a career offender under the United States Sentencing Guidelines ("USSG") in light of Johnson and United States v. Gardner, 823 F.3d 793 (4th Cir. 2016), abrogated by Stokeling v. United States, 139 S.Ct. 544 (2019). In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii) ("Armed Career Criminal Act" or "ACCA"). Johnson, 135 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. However, petitioner cannot rely on Johnson or its progeny here as he was not sentenced under the ACCA, but rather as a career offender under USSG § 4B1.1. Further, in Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a). As Beckles declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a), petitioner has no relief under Johnson. Therefore, petitioner's argument that this claim of his § 2255 motion is timely pursuant to 28 U.S.C. § 2255(f)(3) is without merit, as petitioner has offered no relevant case law to render his motion based on this claim timely. Timeliness of petitioner's motions on this claim is governed by 28 U.S.C. § 2255(f)(1),

providing defendant has one year to file his motion to vacate from the time his judgment becomes final.

This court's judgment was entered on March 15, 2010. [DE #129]. Petitioner appealed, and the Fourth Circuit judgment, affirming this court, was entered on June 15, 2011. [DE #145]. Therefore, petitioner's judgment became final "when the time for filing a certiorari petition expire[d]." United States v. Clay, 537 U.S. 522, 527 (2003) (citing collected cases). Petitioner's time for filing a certiorari petition expired at the conclusion of the 90-day period following entry of the Fourth Circuit judgment on June 15, 2011. See Sup. Ct. R. 13 ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, … entered by … a United States court of appeals … is timely when it is filed … within 90 days after entry of the judgment."). The court notes petitioner's § 2255 motion was not filed until June 8, 2016, at the earliest, well more than one year after the judgment became final. Thus, petitioner's motion to vacate on this claim is untimely and is DISMISSED.

## CONCLUSION

For the foregoing reasons, petitioner's motions, [DE #155 and DE #157], are DENIED. Petitioner's motion to extend time to file supplemental briefing, [DE #176], is DENIED AS MOOT. The clerk is directed to close this case.

4

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 19TH day of September 2019.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35