IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:09-CR-00001-M-2

UNITED STATES OF AMERICA,

Plaintiff,

ORDER

v.

BRUCE WAYNE MILLER,

Defendant.

This matter comes before the court on the Defendant Bruce Wayne Miller's ("Miller" or "Defendant") second Motion for Compassionate Release [filed October 1, 2024; DE 274]. Defendant filed his first motion in 2023 and, in February 2024, this court issued an order denying the motion, which was affirmed on appeal in July 2024. DE 244, 269. Here, Defendant makes some of the same arguments raised in his first motion, which are rejected for the same reasons set forth in this court's 2024 order.[1] Defendant also argues that the Supreme Court's opinions in *Erlinger v. United States*, 602 U.S. 821 (2024) and *Concepcion v. United States*, 597 U.S. 491 (2022) support his arguments that he received an improper and unusually long sentence. For the reasons that follow, Defendant's motion is denied.

---

[1] For example, Defendant argues (1) pursuant to the Supreme Court's opinion in *Alleyne v. United States*, 570 U.S. 99 (2013), his sentence imposed on the § 924(c) conviction should be reduced from 84 months to 60 months; (2) the Fourth Circuit determined in 2021 that "Hobbs Act robbery is not a crime of violence under the Sentencing Guidelines career offender provision" pursuant to *United States v. Green*, 996 F.3d 176, 179 (4th Cir. 2021); and (3) his rehabilitation efforts while incarcerated serve as a basis for a sentence reduction. *Compare* Mot. DE 274 *with* Ord. DE 244.

## I. Background

### A. Procedural History

On January 8, 2009, the United States filed the operative eight-count indictment against Miller and his co-Defendants, alleging that Miller (1) knowingly robbed, and aided and abetted in the robbery of, a convenience store "by means of actual and threatened force, violence, and fear of injury," in violation of 18 U.S.C. §§ 1951 and 2 (Count Six); and (2) aiding and abetting the use and possession of a firearm during, in relation to, and in furtherance of the robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 7). DE 2. On December 2, 2009, a jury found Defendant guilty of these charges (DE 118). On March 9, 2010, the Honorable Malcolm J. Howard sentenced Defendant to a total term of 324 months in prison (240 months on Count Six and 84 months on Count 7), followed by five years on supervised release. J., DE 128. Defendant appealed his conviction, arguing that he was deprived of his Sixth Amendment right to compulsory process, but the Fourth Circuit Court of Appeals rejected his argument and affirmed the judgment. DE 144.

As noted above, Defendant filed his first motion for compassionate release through counsel on January 25, 2023. DE 219. Defendant argued that (1) if he were sentenced today, he would not be subject to a Chapter 4 career offender enhancement and the jury verdict demonstrates that he would receive a 60-month, rather than an 84-month, sentence on his firearm charge and, therefore, his adjusted sentencing range would be 137 to 156 months, which, at the top, is less than half his imposed sentence of 324 months; (2) a sentence disparity existed between himself and his co-Defendant, George Blackwell (Miller's older brother); and (3) he had a job for which he had been repeatedly commended, had completed multiple programs and attended several seminars to improve himself, had been cited for only two infractions in more than thirteen years, and will have stable family support when released. *Id.*; DE 220. Thereafter, on November 1, 2023, Defendant

filed a notice of subsequently decided authority and identified the United States Sentencing Commission's amended policy statement at U.S.S.G. § 1B1.13 related to motions seeking relief under § 3582(c)(1)(A). DE 231. On February 7, 2024, this court denied the motion (DE 244) and, on June 28, 2024, the Fourth Circuit Court of Appeals affirmed the court's order (DE 269). The appellate mandate issued on July 22, 2024. DE 271.

B. Current Motion

Defendant filed the current motion pro se on October 1, 2024, asserting that he is entitled to a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.C. §§ 1B1.13(b)(1)-(6)[2] because (1) he received an unusually long sentence, as described in § 1B1.13(b)(6) and in accordance with *Concepcion, supra*; and (2) the sentencing court improperly relied on paragraphs 34, 35, and 70[3] to impose a career offender enhancement under *Erlinger, supra*. DE 274. For his second argument, Defendant states he "is entitled to jury determination beyond a reasonable doubt for all of his state priors based on his Fifth and Sixth amendment rights under the United States Constitution." *Id.* at 8.[4]

The court appointed counsel to represent Defendant in this matter pursuant to 19-SO-3. Richard Croutharmel filed a notice of appearance on October 3, 2024. DE 276. On November 14,

---

[2] Defendant also cites "U.S.S.G. §§ 1B1.13(6)(c), (6)(d), and (6)(e)." *See* DE 274 at 5, 6. However, these sections do not exist.

[3] Defendant references paragraphs "24, 25, and 70" (DE 274 at 8), but a review of the PSR reflects that the proper paragraphs are 34, 35, and 70. *See* PSR ¶ 70, DE 193.

[4] Defendant also cites the Supreme Court's opinions in *Borden v. United States*, 593 U.S. 420, 445 (2021) (a criminal offense that requires only a mens rea of recklessness cannot serve as a "violent felony" for application of the ACCA); *Wooden v. United States*, 595 U.S. 360, (2022) (prior convictions found to be offenses on "different occasions" within meaning of ACCA count as only one prior conviction); and *United States v. Taylor*, 596 U.S. 845, 852 (2022) (attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A)). However, he does not explain how each or any of these opinions apply to support a reduction of his sentence, and, as set forth herein, the court cannot discern any such application. *See* PSR, DE 193.

3

2024, Mr. Croutharmel moved to withdraw stating he "does not intend to file any pleadings for Mr. Miller pursuant to his second pro se compassionate release motion." Mot. ¶ 5, DE 279. The court granted Mr. Croutharmel's motion and ordered the United States to file a response to Defendant's motion; however, the government filed nothing. *See* DE 284.

In reaching its determination not to exercise its discretion to reduce Defendant's sentence, the court has considered all of the filed documents.

## II.     Legal Standards

For a motion seeking relief under § 3582(c)(1)(A), a district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i);[5] *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). In deciding to reduce a sentence based on extraordinary and compelling reasons, the court must consider the factors set forth in section 3553(a), to the extent applicable, and determine that a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission ("Sentencing Commission"). 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir.), *cert. denied*, 142 S. Ct. 383, 211 L. Ed. 2d 204 (2021).

In November 2023, the Sentencing Commission adopted a new policy statement, outlining

---

[5] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release.[6] *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023). In addition, the new statement incorporates relevant sections of the First Step Act, including the amendment to Section 3582 which provides defendants with direct access to the courts. *Id.* In this case, Defendant argues for application of § 1B1.13(b).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing that such relief is warranted. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). The court may deny a defendant's motion based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist. *See Kibble*, 992 F.3d at 331-32. Notably, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

## I. Analysis

Based on the requirements of § 3582(c)(1)(A), the court must consider (1) whether Defendant exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reason(s) exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

---

[6] Notably, prior to the 2023 amendment, the Fourth Circuit determined that § 1B.13, while "helpful guidance," was not directly applicable to a motion for sentence reduction, because it was issued prior to, and inconsistent with, elements of the First Step Act. *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020). The appellate court also determined that "the district court may consider *any* extraordinary and compelling reasons raised by the defendant as well as review § 1B1.13 to determine whether there is a sufficient 'extraordinary and compelling circumstance' warranting a sentence reduction." *United States v. Jenkins*, 22 F.4th 162, 169–70 (4th Cir. 2021); *see also McCoy*, 981 F.3d at 284 ("district courts are 'empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise.'") (citation omitted). Here, Defendant relies specifically on the policy statement in U.S.S.G. § 1B1.13(b). DE 274 at 1, 3.

A.    Timeliness

The Fourth Circuit has determined that the requirement to exhaust administrative remedies prior to filing a motion under § 3582(c)(1)(A) is "non-jurisdictional, and thus waived if it is not timely raised." *Muhammad*, 16 F.4th at 129 (citing *United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019)).  Defendant mentions nothing about whether he requested release from his facility's warden; however, the government raises no objection in this regard and, thus, any timeliness defense is waived.

B.    Extraordinary and Compelling Reason Under § 3582(c)(1)(A)

Section 1B1.13(b) sets forth the Sentencing Commission's list of extraordinary and compelling reasons on which defendants may seek a sentence reduction under § 3582(c)(1)(A). Relevant here, § 1B1.13(b)(6)[7] provides:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).  Defendant also cites *Concepcion*, *supra*, for the proposition that this court has discretion to consider this argument.[8]  DE 274 at 3.  In *Concepcion*, the Supreme Court held that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act.  597 U.S. at 500.

_____

[7] Defendant also cites §§ 1B1.13(b)(1)-(4); however, he makes no argument regarding the topics governed by these sections (Medical Circumstances, Age, Family Circumstances, and Victim of Abuse).  *See* DE 274.

[8] To the extent that Defendant relies on *Concepcion* to make the same arguments raised in his first compassionate release motion, the court rejects the arguments for the same reasons set forth in its February 7, 2024 order.  *See* DE 274; DE 244.

6

Even if *Concepcion* were properly applied here, the court finds Defendant fails to demonstrate that he received an "unusually long" sentence. The Fourth Circuit has cited as examples of unusually long sentences those imposed prior to the First Step Act, such as sentences that were "stacked" under § 924(c). *See United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020). Here, Defendant's 84-month consecutive sentence for his § 924(c) conviction was not "stacked." Nevertheless, Defendant asserts that "aiding and abetting and the use of a firearm in furtherance of a robbery . . . violate[s] *Taylor v. United States* . . . [since] aiding and abetting cannot be used to career[9] the Movant anymore." DE 274 at 7. However, in *Taylor*, the Supreme Court held that *attempted* Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A); the Court mentions nothing about the crime of "aiding and abetting" a Hobbs Act robbery. *Taylor*, 596 U.S. at 849. In fact, as this court cited in its previous order, the Fourth Circuit has ruled that a Hobbs Act robbery qualifies as a predicate crime of violence for a § 924(c) conviction. *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

To the extent that Defendant argues the sentence imposed on his robbery conviction—240 months—would be different if imposed today, the court disagrees. As set forth in its previous order, Defendant was properly found to be a career offender based on his prior and current convictions. DE 244 at 7-10. His guidelines range was correctly computed pursuant to U.S.S.G. § 4B1.1(c)(2) as 360 months–life, but the statutory maximum term under 18 U.S.C. § 1951 was 20 years, or 240 months. Defendant argues, however, that the Supreme Court's opinion in *Erlinger, supra* entitles him to a sentence reduction.

---

[9] The court liberally construes Defendant's citation to *Taylor* and use of the word "career" here to mean that he believes "aiding and abetting a Hobbs Act robbery" may not serve as a predicate offense under § 924(c).

In *Erlinger*, the Court held that the Fifth and Sixth Amendments require a unanimous jury to make the factual determination, beyond a reasonable doubt, that a defendant's past offenses were committed on separate occasions, for application of the Armed Career Criminal Act. *Erlinger*, 602 U.S. at 835. Relying on *Erlinger* (and construed liberally), Defendant argues that, today, he would be "entitled to jury determination beyond a reasonable doubt for all of his state priors based on his Fifth and Sixth amendment rights under the United States Constitution." DE 274 at 8. Here, Defendant was found to be a career offender pursuant to U.S.S.G. § 4B1.1 based on his instant offenses and two prior convictions (PSR ¶¶ 39, 70, 76), as set forth in paragraphs 34 and 35 of the PSR. Paragraph 34 describes Defendant's convictions for common law robbery, assault with a deadly weapon, and conspiracy of armed robbery for conduct that occurred on October 6, 1993. *Id.* ¶ 34. Paragraph 35 describes Defendant's conviction for assault with a deadly weapon inflicting serious injury for conduct that occurred on August 10, 2003. *Id.* ¶ 35. Defendant's underlying convictions for interference with commerce by robbery and aiding and abetting and for use of a firearm in furtherance of a crime of violence and aiding and abetting are based on conduct that occurred on October 28, 2008. *Id.* ¶ 10. Nothing in the record indicates that a factual issue arose at trial or during sentencing concerning whether these crimes occurred on different occasions, or that the court "[took] the decision away from a jury" (*Erlinger*, 602 U.S. at 835) by making specific factual findings regarding whether the crimes occurred on different occasions. Defendant does not explain, otherwise, how *Erlinger* applies to render him eligible for a sentence reduction.

According to the docket in this case, Defendant has served approximately 200 months of his 324-month sentence. The Bureau of Prisons anticipates releasing Defendant on April 19, 2033. *See* https://www.bop.gov/inmateloc/, last visited April 16, 2026.

In sum, the court finds that Defendant fails to establish an extraordinary and compelling reason to grant him compassionate release at this time.

B.     Consideration of the § 3553(a) Factors

Although not required to do so,[10] the court also finds that consideration of the factors set forth in 18 U.S.C. § 3553(a) weighs against granting Defendant's motion at this time, even if he had demonstrated an extraordinary and compelling reason for a sentence reduction. Section 3553(a) requires that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." In determining whether such purposes have been fulfilled with respect to the present motion, the court should consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a); *see also Jenkins*, 22 F.4th at 170.

The court has already analyzed the serious nature and circumstances of the offense and Defendant's lengthy criminal history in its previous order. DE 244 at 13-14 (finding Defendant's conduct reflects Miller's "lack of consideration for the lives and well-being of others, as well as his utter disrespect for the law."). The court also considered Defendant's commendable conduct

---

[10] The Fourth Circuit has instructed that a district court must consider § 3553(a) factors if it "*first* finds that 'extraordinary and compelling reasons warrant such a reduction.'" *Jenkins*, 22 F.4th at 170 ("*If* a district court finds that a defendant has demonstrated 'extraordinary and compelling reasons' for release, it must *then* consider the § 3553(a) sentencing factors 'to the extent that they are applicable'") (emphasis added).

during his most recent incarceration, including his employment, participation in programs, and lack of infractions. *See id.* Here, Defendant asserts that he "is no threat to the community . . . nor a danger to the safety of others," as he "has become a positive individual . . . [who] now wants to live in society as a law abiding citizen" and who "will never reoffend ever again." DE 274 at 9. Again, the court commends Defendant and hopes he commits to being and remaining a law-abiding citizen, regardless of the court's decision on this matter.

Having no additional evidence to consider, the court finds, as before, that Defendant's history and offense conduct strongly implicate the need for a sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment," and "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A)–(B). The court has fully considered the § 3553(a) factors and concludes that the purposes of Defendant's sentence remain unfulfilled.

## III. Conclusion

The court finds that Defendant has failed to demonstrate an extraordinary and compelling reason to warrant this court exercising its discretion to grant a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). A jury found Defendant guilty of aiding and abetting an armed robbery; this conduct and Defendant's history as a career offender, resulted in a 324-month prison sentence, for which Defendant has not yet fulfilled the purposes set forth in 18 U.S.C. § 3553(a). For these reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A) [DE 274] is DENIED.

SO ORDERED this ___20th___ day of April, 2026.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

10